IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| CHARLES RANDALL KAY | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 5:15-CV-150 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Charles Randall Kay, a prisoner confined at the French Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations. Docket No. 6 at 5.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge (Docket No. 10). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. Petitioner first argues he is not challenging the state judgment of conviction and sentence, but is rather challenging the state habeas process as applied to his state conviction. Petitioner argues the Texas state habeas statute does not provide an applicant with the fair opportunity to lodge written

objections to the findings of fact and conclusions of law entered by the state habeas trial court.  In addition, Petitioner complains that an applicant is not provided the fair opportunity to rebut affidavits compiled in the state habeas trial court during a "paper hearing."  Specifically, Petitioner contends that the state district clerk failed to provide Petitioner a copy of the supplemental record and that he was denied the opportunity to rebut the supplemental record and file objections.  Petitioner also complains that the Texas state statutory scheme denied him the right to appointed counsel during the state habeas review of his state court conviction and sentence. Finally, Petitioner states his petition is not time-barred as the claims did not become ripe for federal review until August 20, 2014, the date the Court of Criminal Appeals denied his state writ of habeas corpus.

Whether framed as a challenge to the underlying state court judgment and conviction or a challenge to the state habeas statutory framework as applied to Petitioner's state court conviction, Petitioner's federal writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is still time-barred. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year limitation period starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner suggests that the relevant judgment is the one of the Court of Criminal Appeals disposing of Petitioner's state habeas application.  Docket No. 10 at 8.  This is incorrect, however, because "judgment" refers to the conviction and any direct review (i.e. appeals); it does not refer to collateral review like a state habeas corpus proceeding or any judgments rendered as part of that process.  In the present case, the state court conviction became final on March 18, 2011, 30 days after the judgment of the court of appeals was rendered. TEX. R. APP. P. 68.2(a). The judgment of the court of appeals was the conclusion of direct review, and the time for seeking any further direct review expired 30 days later.

Under the AEDPA, the one-year limitation period is tolled or suspended if Petitioner filed a state application for writ of habeas corpus or other collateral review. 28 U.S.C. § 2244(d)(2). If the one-year limitation period has not already expired, the state application can stop the clock, but if the one-year period has already expired, then the state application cannot restart the clock. Thus, pursuant to the AEDPA, the one-year limitation period for filing Petitioner's federal petition began March 19, 2011, and ended March 19, 2012, unless petitioner properly filed a state application for writ of habeas corpus or other collateral review to toll the running of the limitations period.

Petitioner concedes he did not file a state writ of habeas corpus until January 6, 2014. This is almost two years past the March 19, 2012, federal filing deadline. Because the one-year limitations period had already expired, the state application did not toll the federal filing deadline. Petitioner has also not shown that any principles of equitable tolling save his petition.

Accordingly, Petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the Petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of

reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**So ORDERED and SIGNED this 7th day of November, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE